**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES LEE NAILS,

      Plaintiff,

vs.                                  CASE NO. 3:12-cv-1147J-99MMH-TEM

SWISHER INTERNATIONAL, INC.
and its RETIREMENT PLAN COMMITTEE,
et al.

      Defendant.
_____

**O R D E R**

This case is before the Court on a number of non-dispositive motions filed by Plaintiff from February 6, 2013 through February 21, 2013 (*see* Docs. #18, #19, #24, #25). Defendant Swisher International, Inc.'s Response to Plaintiff's Request to Enter Default and Application for Extension of Time (Doc. #22, Response) was filed on February 18, 2013.  Upon consideration of the referenced motions and Defendant's Response, the Court enters the following rulings.

1.      Plaintiff's Request to Enter a Default (Doc. #18) is **DENIED**.  Defendant's Answer (Doc. #13) was filed on January 18, 2013.  On the facts presented, the Court deems the Answer was timely filed.

2.      Plaintiff's Application for Time Extension (Doc. #19) is **DENIED AS MOOT**. Plaintiff seeks additional time to move for default.  The Court has denied Plaintiff's Request to Enter a Default.  No default will enter as to Defendant.

3.     Motion for Time Enlargement (Doc. #24) is **DENIED AS MOOT**.[1]   Plaintiff seeks additional time to effect service of process upon Defendant.   Defendant has affirmatively stated it "ultimately waived service after receiving Plaintiff's amended request following the Court's Order of November 23, 2012 (ECF No. 6) regarding the filing fee, and timely filed its Answer within sixty (60) days from that request."   Response at 3.   The Answer shall stand as filed.   The sought relief is unnecessary.

4.     Plaintiff's Motion for Reconsideration (Doc. #25) is **DENIED**.   This Court has recognized three grounds for granting reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice.   *Reyher v. Equitable Life Assurance Soc'y of the U.S.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   None of these grounds applies to Plaintiff's request that the Court reconsider its order denying Plaintiff's earlier request for entry of default judgment.

5.     Plaintiff's Motion to Strike Defendant's Answer (Doc. #26) is **DENIED**. Although Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense," it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law.   *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776, 779 (11th Cir.

---

[1]In accord with Local Rule 1.01(c), upon review, the Court finds Plaintiff's Motion for Enlargement (Doc. #24), Plaintiff's Motion for Reconsideration (Doc. #25) and Plaintiff's Motion to Strike Defendant's Answer (Doc. #26) are clearly due to be denied and therefore enters these rulings without awaiting the normal response period.

1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1347-48 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999).  Defendant's Answer is not insufficient as a matter of law and shall stand in the record as filed.

6.     The Court takes note that Plaintiff filed the referenced motions without certifying Plaintiff's conference with Defendant's counsel in an effort to resolve these matters before bringing them to the Court, as required by Local Rule 3.01(g).  Cognizant of the difficulties the parties may encounter with in person and telephone communications under the circumstances of Plaintiff's incarceration, the Court earlier provided the parties may comply with Local Rule 3.01(g) through mail correspondence (*see* Doc. #16, Court Order).  The Court will excuse Plaintiff's failure in these instances; however, Plaintiff should not expect such leniency in the future.  To be clear, both Plaintiff, as a *pro se* litigant with the same responsibilities as an attorney in this litigation, and Defendant's counsel of record must:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or

otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

M.D. Fla. Loc. R. 3.01(g).

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to *Pro se* Plaintiff
and counsel of record, if any

4