**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES LEE NAILS,

        Plaintiff,

vs.                               Case No. 3:12-cv-1147-J-99MMH-PDB

SWISHER INTERNATIONAL, INC.,
and IT'S RETIREMENT PLAN
COMMITTEE,

        Defendant,

vs.

A.F.L.-C.I.O./R.W.D.S.U.  LOCAL UNION
#532 OF EMPLOYEES FOR SWISHER
INTERNATIONAL, INC.,

        Third-Party Defendant.[1]
_____/

**O R D E R**

---

[1]       Plaintiff Nails has styled his Amended Complaint as an action involving third-party defendant A.F.L.-C.I.O./R.W.D.S.U. Local Union #532 of Employees for Swisher International, Inc. (AFL). See Amended-Complaint for Negligence (Doc. No. 8; Amended Complaint).  Rule 14(a)(1), Federal Rules of Civil Procedure (Rule(s)), permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Defendant Swisher has raised no such claim in this action.  Thus, under the plain language of Rule 14, it does not appear that AFL is properly before the Court as a third-party defendant.  Moreover, to the extent that Mr. Nails intended to assert a claim against this entity directly, he presents no claims against it, alleging only that he requested records of his wife's union membership that AFL "denied, refused and ignored."  See Amended Complaint at 2-3.  Additionally, despite purporting to name AFL as a defendant in his Amended Complaint filed on December 3, 2012, Mr. Nails has failed to serve this entity within the time required by Rule 4, or to show good cause for his failure to do so.  The Court notes that Mr. Nails appears to have requested that Defendant Swisher and AFL waive service of process, see Amended-Notice of a Lawsuit and Request to Waive Service of a Summons (Doc. No. 10); however, he has not filed either proof of service or a waiver of service.  As such, to the extent the Amended Complaint could be construed as attempting to assert a claim against AFL, the Court will dismiss that claim for failure to serve process and failure to prosecute.

**THIS CAUSE** is before the Court on Defendant Swisher International, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings and Memorandum of Law in Support (Doc. No. 34; Motion) filed on March 18, 2013.  In the Motion, Swisher International, Inc. (Swisher)[2] requests that the Court dismiss James Lee Nails's negligence claim.  Plaintiff filed a response in opposition to the Motion on April 22, 2013.   See Response to Defendant's Motion for Judgment on the Pleading with a Memorandum of Law in Support (Doc. No. 44; Response).[3]  Accordingly, this matter is ripe for review.

## I.    Standard of Review

Judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  As such, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts."  Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).  "For purposes of a motion for judgment on the pleadings, all the non-moving party's pleadings are taken as true, and, if denied, the moving party's allegations are taken as false."  See United States v. Kahn, No. 5:02-CV-230-OC-10GRJ, 2003 WL 22384761, at *2 (M.D.

---

[2]    Although the Amended Complaint includes "It's a Retirement Plan Committee" as an apparent additional defendant in the caption, throughout the Amended Complaint, Mr. Nails refers only to Defendant Swisher.  Therefore, the Court construes the additional name as either a description or a division of Swisher rather than a separate defendant.

[3]    Because Mr. Nails is proceeding pro se, the Court has liberally construed his papers, giving them the benefit of the doubt at every turn.  See Koger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, 546 U.S. 1151 (2006).

Fla. Sept. 2, 2003) (citing <u>Stanton v. Larsh</u>, 239 F.2d 104, 106 (5th Cir. 1956)).[4]  Thus, on a <u>defendant's</u> motion for judgment on the pleadings, where no matters outside the pleadings are presented, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true "only where and to the extent that they have not been denied or do not conflict with those of the complaint."  <u>See</u> <u>Stanton</u>, 239 F.2d at 106.  "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings."  <u>Id.</u>

Rule 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers.  <u>See</u> Fed. R. Civ. P. 7(a).  While a court's determination of a motion for judgment on the pleadings is ordinarily limited to a review of such "pleadings," certain documents attached to a complaint may also be considered on such a motion.  <u>See</u> <u>Tassinari v. Key West Water Tours, L.C.</u>, 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007); Fed. R. Civ. P. 10(c).  Indeed, the Eleventh Circuit Court of Appeals has recognized that pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged.  <u>See</u> <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the incorporation by reference doctrine adopted in Rule 12(b)(6) decisions is also applicable to Rule 12(c) cases).  "Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's

---

[4]      In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in <u>Horsley</u>." <u>Day v. Taylor</u>, 400 F.3d 1272, 1276 (11th Cir. 2005) (internal citation omitted).[5]

## II.   Background Facts

On December 3, 2012, Mr. Nails filed his Amended Complaint <u>pro se</u>, asserting a claim of negligence and seeking to recover his deceased wife's benefits under her "normal retirement pension plan and accounts benefit" from Defendant Swisher.  <u>See</u> Amended Complaint at 1.  Mr. Nails alleges that Mrs. Nails was an employee of King Edward Cigar Company of Waycross, Georgia, for at least fifteen years.[6]  <u>See id.</u> at 2-3.  On October 29, 2009, some years after Mrs. Nails's death,[7] Mr. Nails provided Swisher with proof of his marriage to Mrs. Nails, as well as her birth and death certificates, and requested records

---

[5]      Swisher attaches to its Motion a copy of its employee retirement plan for the Court's consideration.  <u>See</u> The Retirement Income Plan for Wage Employees of Swisher International, Inc., Exhibit 1 to Motion (Doc. No. 34-1; Swisher Retirement Plan).  Although the Swisher Retirement Plan appears to be central to Mr. Nails's claim seeking benefits, he contends that the Retirement Plan attached is not the one he refers to in his Amended Complaint because the document indicates it was "Restated Effective as of January 1, 2011," well after the death of his spouse and Swisher's employee, Mrs. Nails.  <u>See</u> Response at 1-2.  Because Mr. Nails disputes the Swisher Retirement Plan's authenticity, the Court will not consider the attachment in deciding the Motion.

Mr. Nails also submits a document in support of his opposition to the instant Motion.  He seeks to incorporate by reference an incomplete letter Swisher wrote regarding a contract settlement for its employees' retirement benefits.  <u>See</u> Response at 1 n.1; Exhibit A to Response (Doc. No. 44 at 8; Letter).  Mr. Nails does appear to reference records in the Amended Complaint that have formed the basis for calculating the alleged unpaid benefits, but he complains that he did not receive the requested records.  <u>See</u> Amended Complaint at 2-3 (referring to records he sought to establish "entitlement to service credit hours accumulated as an employee").  Because Mr. Nails does not seem to be referring to the Letter in his Amended Complaint, and the Letter appears to be incomplete, the Court does not consider it in deciding the Motion either.

[6]       Although not entirely clear, Mr. Nails appears to allege that King Edward Cigar Company later became a part of Swisher through a merger and/or buy out.  <u>See</u> Amended Complaint at 2.

[7]       Mr. Nails does not allege the date on which Mrs. Nails died, but he indicates in his Response that she died on February 4, 2005.  <u>See</u> Response at 6.

from Swisher pertaining to Mrs. Nails's company-provided benefits. Id. at 2; Answer at 3-4. Specifically, he requested the records "to establish individual retirement accounts [IRA], 401(k), 125 Plans, company provided; and optional insurance; employment records of service credit hours accumulated." Amended Complaint at 2. According to Mr. Nails, Swisher "denied and refused" his request. Id.

At present, Mr. Nails receives only fifty percent of Mrs. Nails's retirement benefits from Swisher based on her fifteen years of service. See id. at 3; Answer at 5. Mr. Nails alleges that, as a result of Swisher's denial of the requested records, he has suffered financial losses of $123,232.20 in unpaid "retirement pension death benefits," $18,714.00 in unpaid "individual retirement account benefits," $25,000.00 in unpaid insurance proceeds, and $150,000 of optional employee insurance proceeds. Amended Complaint at 3. As the "spouse beneficiary," Mr. Nails seeks to recover the full amount of these alleged losses. Id.

### III.   Discussion

Swisher argues that Mr. Nails's claim for negligence must be dismissed because the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA") completely preempts his claim. Motion at 3-4. Alternatively, it contends the Amended Complaint should be dismissed because Mr. Nails has failed to state a claim upon which relief can be granted. See Motion at 4, 8-9. The Court turns first to the issue of preemption under ERISA.

To protect employees from the potential abuses in the administration and investment of private retirement and welfare plans, Congress enacted ERISA, which "established minimum standards for vesting of benefits, funding of benefits, carrying out fiduciary responsibilities, reporting to the government and making disclosures to participants."

Donovan v. Dillingham, 688 F.2d 1367, 1370 (11th Cir. 1982).  ERISA provides the exclusive means of recovery for those plans the statute covers, thus "afford[ing] employers the advantages of a uniform set of administrative procedures governed by a single set of regulations."  Williams v. Wright, 927 F.2d 1540, 1544 (11th Cir. 1991) (quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987)); see also Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

Two types of preemption arise under ERISA:  complete preemption and defensive preemption.  Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009).  The first type, complete or "super preemption," provides a federal court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331 even where the complaint appears to allege only state law claims.  See id. at 1343-44.  Ordinarily, for such jurisdiction to exist a federal question must appear on the face of a plaintiff's well-pleaded complaint.  See id. at 1343 (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).  However, "[w]hen Congress comprehensively occupies a field of law, 'any civil complaint raising this select group of claims is necessarily federal in character' and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331."  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211-12 (11th Cir. 1999).  ERISA's civil enforcement provision, § 502(a), "has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Conn. State Dental Ass'n, 591 F.3d at 1344 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S.

58, 65-66 (1987)).  Defensive preemption, on the other hand, is an affirmative defense that requires the dismissal of state law claims.  Butero, 174 F.3d at 1212.

Complete preemption presents a jurisdictional question, which must be addressed before a court determines whether ERISA preemption defenses apply.  See Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 (11th Cir. 2003).  Thus, the Court turns first to the question of whether complete preemption applies.  In the Amended Complaint, Mr. Nails raises only a state law negligence claim but asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.  See Amended Complaint at 1-2.  However, Mr. Nails has not alleged diversity of citizenship between himself and Swisher, who he alleges are both Florida citizens.[8]  See id.  Therefore, the Court must determine whether ERISA completely  preempts Mr. Nails's negligence claim.  Courts in the Eleventh Circuit, as elsewhere, apply the two-part test set forth in Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), to determine whether ERISA completely preempts a state law claim.  See Conn. State Dental Ass'n, 591 F.3d at 1345.  Under Davila, (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]," and (2) "there is no other independent legal duty that is implicated by a defendant's actions," then ERISA completely preempts the individual's cause of action.  Davila, 542 U.S. at 210; see also Conn. State Dental Ass'n, 591 F.3d at 1345.

---

[8]      For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).  For the purposes of establishing diversity jurisdiction, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  In the Amended Complaint, Mr. Nails alleges that he is a citizen of Florida, and Swisher is incorporated in Florida.  Amended Complaint at 1-2.  Thus, Mr. Nails and Swisher are both alleged to be citizens of Florida and diversity of citizenship is not present.

Under the first inquiry, the Court must determine whether:  (1) Mr. Nails's claim falls within the scope of ERISA, § 502(a)(1)(B); and (2) he would have standing to sue under ERISA.  Conn. State Dental Ass'n, 591 F.3d at 1350 (citing Davila, 542 U.S. at 211-12). Pursuant to ERISA § 502(a)(1)(B), a participant or beneficiary[9] may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see also Davila, 542 U.S. at 210.  An "employee benefit plan" or "plan" refers to an employee welfare benefit plan, an employee pension benefit plan, or a plan that is both.  See 29 U.S.C. § 1002(3).

Title 29, United States Code, Section 1002(1) defines an employee welfare benefit plan as follows:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).  Under § 1002(2)(A), with certain exceptions the Secretary of Labor prescribes, an "employee pension benefit plan" is "any plan, fund, or program" that an

---

[9]       A participant is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan" covering such employees or members, "or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(8).  A beneficiary is any person that a participant or the terms of an employee benefit plan designate who is or may become entitled to a benefit under the plan.  29 U.S.C. § 1002(9).

employer, employee organization, or both established or maintained that "provides retirement income to employees" or "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." Ordinarily, to determine whether a state law claim falls with the scope of ERISA § 502(a)(1)(B), the Court would look to the operative complaint, state law, and the plan documents. See Davila, 542 U.S. at 211. In this case, however, because Mr. Nails contests the accuracy of the Swisher Retirement Plan documents submitted to the Court, and this matter is before the Court on a Motion for Judgment on the Pleadings, the Court does not consider the plan documents presented by Swisher. Instead, the Court looks to the allegations of Mr. Nails's Amended Complaint to determine whether the plan or plans under which Mr. Nails alleges an entitlement to payment fall with the definition of an employee benefit plan. Only if Mr. Nails seeks recovery pursuant to such a plan could he have brought his claim under ERISA. See Donovan, 688 F.2d at 1370; see also Williams, 927 F.2d at 1543 (noting that, to invoke ERISA's substantive provisions, the plaintiff "must prevail on the threshold question of whether the benefits arrangement . . . is a "plan, fund, or program covered by ERISA").

For purposes of this action, "[a]n 'employee welfare benefit plan' governed by ERISA is any (1) 'plan, fund or program,' (2) established or maintained (3) by an employer, (4) to provide beneficiaries (5) death benefits through an insurance policy." Butero, 174 F.3d at 1214 (citing 29 U.S.C. § 1002(1); Donovan, 688 F.2d at 1371). An employee pension benefit plan has the same requirements except that the fourth and fifth requirements relate to the provision of retirement income to employees. See 29 U.S.C. § 1002(2)(A).

In this case, Mr. Nails seeks to recover benefits under a plan that meets the above definition.  The second, third, fourth and fifth elements are satisfied in that, accepting the allegations of the Amended Complaint as true and liberally construing them in light of Mr. Nails's pro se status, he claims that Swisher, as Mrs. Nails's former employer, established a retirement pension plan with death benefits as well as an insurance plan, to provide benefits to Mrs. Nails's designated beneficiary.  See Amended Complaint at 1-2.  As to the first element, an employer has established a plan, fund, or program whenever a reasonable person, from the surrounding circumstances, can "ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."  Donovan, 688 F.2d at 1373; see also Williams, 927 F.2d at 1543 (recognizing that a flexible analysis of plans, funds, or programs is "consistent with the legislative approach to ERISA").  While the Amended Complaint could certainly be more detailed, Mr. Nails references multiple benefits: (1) "retirement accounts [IRA], 401(K), 125 Plans;" (2) "optional insurance retirement;" (3) "retirement pension death benefits;" and (4) "individual retirement account benefits."  See Amended Complaint at 2-3.  He alleges that these benefits were provided by the company by virtue of Mrs. Nails's employment and her union membership, and that Swisher owes these benefits to him as a spouse beneficiary.  See id. at 2; see Donovan, 688 F.2d at 1373 ("intended beneficiaries must include union members, employees, former employees or their beneficiaries").  Additionally, Mr. Nails appears to contend that Swisher has somehow failed to follow proper procedure regarding the administration of his claims for benefits.  See Amended Complaint at 2-3 (alleging that he has provided Swisher with all necessary information, but it wrongfully denied and refused his request for records).  Mr.

Nails also presently receives partial monthly benefit payments from Swisher.  Id. at 3; Answer at 5; see Williams, 927 F.2d at 1544 (recognizing the continuing obligation of issuing a monthly check as part of "the sort of ongoing administrative scheme characteristic of an ERISA plan").  Therefore, upon review of the pleadings, the Court finds that Mr. Nails seeks to recover for the denial of benefits under a plan or plans that qualify as either or both an employee welfare benefit plan (in the form of life insurance) or an employee pension benefit plan (with death benefits).  Indeed, the only injury that Mr. Nails complains of is Swisher's failure to provide benefits.  See Davila, 542 U.S. at 211.  Based on these allegations, and as the alleged beneficiary, Mr. Nails would have standing to bring suit under § 502(a)(1)(B) to recover under the terms of an employee benefits plan Swisher provided his late wife, and his claim falls under the scope of that provision.  See Conn. State Dental Ass'n, 591 F.3d at 1350.  Thus, the first part of the Davila test is satisfied because Mr. Nails could have brought his claim pursuant to ERISA.

The second Davila inquiry is whether Mr. Nails's negligence claim is based on a legal duty that is independent of ERISA.  Conn. State Dental Ass'n, 591 F.3d at 1353.  The Amended Complaint is titled as a one setting forth a claim of negligence and presents only a single claim.  Although Mr. Nails suggests in his response that he may also have claims for breach of contract and fraud because Swisher improperly paid benefits to Mrs. Nails's son instead of to Mr. Nails, these allegations are not made in the Amended Complaint.  See Response at 4-5.  Even if Mr. Nails had included such claims, he still complains only of Swisher's failure to pay him as Mrs. Nails's beneficiary under her employee benefits plan.  As such, Mr. Nails's right to recovery depends entirely on the rights and obligations of

Swisher's employee benefit plan.  See Davila, 542 U.S. at 213.  By bringing this action, Mr. Nails does not "attempt to remedy any violation of a legal duty independent of ERISA," Id. at 214.  Thus, his claim does not rest on any other independent legal duty than that which the plan has created, and the second part of the Davila test is also satisfied.  As this action satisfies both parts of the Davila test, Mr. Nails has brought a state claim that falls "within the scope" of—and therefore is completely preempted by—ERISA.

As for defensive preemption, this type of preemption is an affirmative defense to state law claims.  ERISA's broad preemption provision, § 514(a), expressly provides "that the statute shall 'supersede any and all State laws insofar as they may now or hereafter relate to any employee benefits plan.'"  Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 732 (1985).  Defensive preemption pursuant to § 514(a) "require[s] dismissal of state-law claims" that "relate to an ERISA plan."  Butero, 174 F.3d at 1212, 1215.  A state law claim relates to an ERISA plan "if it has a connection with or reference to such a plan."  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (quoting Metro. Life Ins. Co., 471 U.S. at 739).

Whether federal law preempts a state law claim is a question of congressional intent.  See Pilot Life Ins. Co., 481 U.S. at 45.

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. . . .
> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.

Id. at 54.  Here, as discussed above, Mr. Nails's negligence claim only seeks to recover benefits under Swisher's employee benefit plan.  Therefore, his claim "relates to" an ERISA plan.[10]  Such a claim is defensively preempted, and the Court is required to dismiss it. Indeed, the only permissible means of obtaining the relief sought by Mr. Nails, unpaid benefits from Swisher, is for Mr. Nails to assert his claim pursuant to ERISA.  Accordingly, the Court will provide Mr. Nails with an opportunity to file a motion for leave to file a second amended complaint to attempt to state his claim under ERISA.  Mr. Nails is reminded that in the event he seeks leave to amend, he must append his proposed second amended complaint to any motion he files so that the Court may determine whether the requested amendment should be permitted.[11]

In light of the foregoing, it is hereby **ORDERED:**

1. Defendant Swisher International, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings and Memorandum of Law in Support (Doc. No. 34) is **GRANTED**.

2. Plaintiff's Amended-Complaint for Negligence (Doc. No. 8) is **DISMISSED WITHOUT PREJUDICE**.

3. If Mr. Nails wishes to pursue a claim under ERISA, he must file a motion for leave to file a second amended complaint attaching to his motion the proposed second amended complaint on or before **January 31, 2014**.

---

[10]     While there are certain statutory exceptions under § 514, such as for state securities and insurance laws, which might preclude defensive preemption but not complete preemption, none appear to apply here.  See Ervast, 346 F.3d at 1013-14.

[11]     Mr. Nails is also reminded that, before filing a motion seeking leave to amend, he must confer with opposing counsel in accordance with Rule 3.01(g),  Local Rules, United States District Court, Middle District of Florida.

    4.      Mr. Nails is cautioned that failure to file a motion for leave to file a second amended complaint attaching the proposed second amended complaint as directed may result in dismissal of this action for failure to prosecute.

    **DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record

Pro Se Parties